PER CURIAM.

(No. 5909

NORMAN G. MILLER, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1973.*

JOHN B. SCHWARTZ, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant filed his complaint on August 26, 1970, for damages sustained on September 28, 1968, at about 12:30 a.m. as claimant was walking along the curbing adjacent to the east side of Rand Road between Windsor Drive and Clarence Avenue in Cook County, Illinois.

While walking, it is claimant's contention that he stepped onto a sewer cover from which the center bar of grating was missing. The claimant's left foot and leg went into the broken sewer cover causing injuries to his left leg.

The evidence shows that on the night in question, claimant was coming from work; that he was dropped off at a gasoline station a short distance from where he was injured; and that he was unable to contact his wife so she could pick him up, so he started to walk in a northerly direction on the east side of Rand Road to go to his home. The evidence is that there was not any lighting in the vicinity; that when he stepped off the shoulder onto the road, his left foot went into the sewer. After he removed his left foot and leg from the sewer, a passerby picked him up and gave him a ride home.

In the morning he was treated by Dr. Jerome Walker and x-rays of his leg were taken at the Holy Family Hospital.

Claimant's special damages are:

| | |
|---|---|
| Dr. Michael Ruane and Dr. Jerome Walker | $121.00 |
| Dr. Kenneth Maier | 8.00 |
| Holy Family Hospital x-rays | 12.50 |

Claimant testified that he was off work for a period of seven weeks and one day; that his earnings prior to the injury were $143.00 per week; and that he had a total loss of earnings of $786.40. He further testified to the fact that his union paid him $85.90 per week while he was off work; and that the union had a subrogation agreement with him in the amount of $618.48 relating to any recovery by the claimant.

Frank Brancato, Jr., called as a witness on behalf of the claimant, testified that the condition of the missing grate in the sewer cover existed since March, 1968, a period of some six months prior to the accident in question.

A departmental report was filed on behalf of respondent, which admitted that the center bar of the grate was broken but denied that the respondent had any knowledge of the defective condition prior to claimant's alleged accident. Claimant's exhibits 2, 3 and 4 in evidence are photographs of the sewer cover in question and show a bar in the grating is missing.

Respondent bases its defense upon two propositions: (1) that the State is not an insuror of persons using its highways, and (2) that it did not have actual or constructive knowledge of the condition of this grating.

Respondent further contends that claimant failed to establish his case in that he was free from contributory negligence or that he was in the exercise of due care for his own safety.

Respondent cites many cases in support of its contention, among them *Joyner* vs. *State of Illinois*, 22 C.C.R. 213, *Weygandt* vs. *State of Illinois*, 22 C.C.R. 478, *Hook* vs. *State of Illinois*, 22 C.C.R. 627, *Barrett* vs. *State of Illinois*, 23 C.C.R. 149, and *Callen* vs. *State of Illinois*, 23 C.C.R. 172, in addition to other cases.

Testimony is to the effect that the claimant's leg, prior to the injury, was in good shape as it had never been involved in any accident. Claimant, in his brief, cites the case of *Ann Biel* vs. *State of Illinois*, 24 C.C.R. 480. The facts in that case are greatly similar to the present case and are substantially as follows:

The claimant, while walking on 95th Street at or near 2600 West 95th Street, Evergreen Park, Illinois, stepped off the curb to enter a vehicle on the road. As she stepped, her right foot went through a broken manhole cover adjacent to the curb. Rings were missing in the cover and her right leg entered the cover. A witness testified that he knew of the condition sixty to ninety days before the accident.

In that particular case, the Court held for the claimant, stating "There is no question of the duty of the State of Illinois to maintain the manhole cover in proper repairs for the safety of persons and vehicles upon the highway."

Claimant also cites the case of *Koski, et al* vs. *State of Illinois*, 24 C.C.R. 161. In that case, there was a substantial hole in the pavement, which was eight feet by four feet and four inches in depth. Evidence showed that the hole had been in existence for approximately one month before the accident occurred.

The Court, in passing upon the question, noted that his was sufficient evidence to give constructive notice to the respondent entitling claimant to an award.

The Court, in this particular case, also referred to the case of *Visco* vs. *State of Illinois*, 21 C.C.R. 480, which reaffirms the statement that there cannot be any hard or fast rule in determining when it can be said that the State had "constructive notice" of a dangerous condition, and each case must be decided on its own particular facts.

In his brief, the claimant takes the position that the

evidence of the claimant as to his injury, his damages and the occurrence is unrefuted by the respondent and it must therefore be taken as truth, citing the case of *Gener* vs. *State of Illinois*, 25 C.C.R. 99. In the *Gener* case, the claimant established a prima facie case of negligence against the respondent thereby shifting the burden of proof to the respondent. The respondent in *Gener*, as similarly presented in this case, offered no evidence or proof to rebut the prima facie case of the claimant. The court held an award should be made to the claimant.

In *Gillespie* vs. *State of Illinois*, 25 C.C.R. 309, it was held that respondent had constructive notice of a defective condition when the evidence disclosed that the condition had existed for four months prior to the accident.

Another case dealing with constructive notice was the case of *McCanley, et al* vs. *State of Illinois*, 25 C.C.R. 94 (1965).

There is not any evidence that there was contributory negligence on the part of the claimant, unless it can be said that the fact he was walking along a State highway in the dark is contributory negligence.

It is the opinion of this Court that the claimant has proven the necessary elements to entitle him to recovery for the damages sustained.

As to the question of damages, the total medical bills are rather nominal, and it seems that claimant's claim of seven weeks of lost time was unwarranted by the injury sustained.

It is the opinion of this Court that claimant is entitled to an award in the amount of $1,500.00 and an award is hereby made in that amount.